FILED '08 DEC 04 11:25 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN THOMPSON,   CV 07-943-TC

        Plaintiff,   FINDINGS AND RECOMMENDATION

v.

Commissioner of Social Security,

        Defendant.

COFFIN, Magistrate Judge:

### BACKGROUND

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff was born in 1968. She alleges disability based primarily on the effects of her narcolepsy and cataplexy, but she also suffers sleep apnea, diabetes, polycystic ovarian syndrome and morbid obesity. She has a high school education.

1 - FINDINGS AND RECOMMENDATION

Defendant Commissioner contends that the denial of benefits was appropriate. Plaintiff seeks a reversal and awarding of benefits. In the alternative, plaintiff seeks a remand for further proceedings. Although the former is preferred by plaintiff, the latter is more appropriate in the circumstances of this case and the District Court should exercise its discretion in favor of further proceedings. Such is discussed in more detail below. [1]

**STANDARD OF REVIEW**

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42

---

[1] All of plaintiff's arguments as to a remand for an immediate award of benefits have been considered by this court and found unpersuasive.

2 - FINDINGS AND RECOMMENDATION

U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: morbid obesity, narcolepsy with cataplexy and sleep apnea, and diabetes; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to perform work that did not require her to drive or be exposed to dangerous work place hazards; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was able to perform her past relevant work as an office helper, collections clerk, administrative clerk, and receptionist ; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f). Because the ALJ found plaintiff not disabled at step four, he did not continue with the sequential evaluation to step five.

## Specific Standards

Among other arguments, plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting her

4 - FINDINGS AND RECOMMENDATION

testimony and the opinion of one of her treating physicians, Dr. Bucholz.

Standards Regarding a Claimant's Testimony

If the claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986).

In assessing a claimant's credibility the ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and

5 - FINDINGS AND RECOMMENDATION

side effects of any medication; and (8) treatment other than medication. See Smolen, 80 .3d at 1284; see also SSR 96-7p.

The ALJ may not reject a claimant's testimony about the severity of his symptoms solely because it is not corroborated fully by objective medical findings. Cotton, 799 F.2d at 1408. The ALJ may reject the claimant's testimony regarding the severity of her symptoms only by providing clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Smolen, 80 F.3d at 1283.

Standards Regarding a Physician's Opinion

The relative weight given to the opinion of a physician depends on the physician's opportunity to observe and to get to know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion receives the least weight. Id.; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician. Lester, 81 F.3d at 830. Where the treating physician's opinion is not contradicted by an examining physician , the opinion may only be rejected for clear

6 - FINDINGS AND RECOMMENDATION

and convincing reasons. Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999).

Further, a doctor's statement about a claimant's ability to work is not a proper medical source opinion, but an administrative finding reserved to the Commissioner. SSR 96-5p. Disability has both a medical and vocational component. See 20 C.F.R. § 404.1560. Because a medical source does not have the expertise to comment on the vocational component of disability, a statement by a medical source that a person is unable to work is not accorded much weight. See 20 C.F.R. § 404.1527(e)(1). The ALJ must consider medical opinions about a claimant's condition and functional limitations, along with all other evidence in the record, to determine whether a claimant is disabled under the Social Security Act. SSR 96-5p.

### DISCUSSION

Plaintiff makes several arguments that are largely intertwined. She argues that her severe impairment of narcolepsy equals a listed impairment at step 3 of the sequential evaluation and entitles her to an award of benefits. Such argument is based on the opinion of Dr. Bucholz. Plaintiff argues that the ALJ improperly rejected and ignored parts of Dr. Bucholz's opinion.

7 - FINDINGS AND RECOMMENDATION

The ALJ's rejection of Bucholz'a opinion is, in part, intertwined with the opinion of Family Nurse Practitioner Chesire.

Plaintiff also argues that the ALJ improperly rejected plaintiff's testimony. An important part of this argument relies on Dr. Bucholz's opinion and the ALJ's use of an erroneous opinion from Family Nurse Practitioner Chesire. Plaintiff persuasively argues that Chesire's opinion regarding the effect of noncompliance with prescribed treatment is incorrect. Plaintiff demonstrates this with additional information Dr. Bucholz submitted to the Appeals Council after the ALJ hearing.[2]

Also tied to the opinions of Bucholz and Chesire are plaintiff's arguments that the ALJ failed to properly address medical compliance with prescribed treatment and that the ALJ improperly rejected lay testimony. As to the latter, the ALJ noted that any third party statements that imply that plaintiff is disabled must be discounted for reasons similar to those given to discount plaintiff's credibility. Tr. 24.

---

[2] Use of a breathing mask and CPAP machine was prescribed for plaintiff's sleep apnea. Family Nurse Practitioner Chesire noted that plaintiff's failure to use this apparatus as directed worsened plaintiff's narcolepsy and cataplexy. In materials provided to the Appeals Council, Dr. Bucholz clarified that narcolepsy is an independent condition that is neurological and that a person with narcolepsy has no control over narcoleptic attacks of falling asleep during the day. He stated that failure to use the CPAP machine does not resolve plaintiff's problem of narcoleptic sleep attacks during the day. Tr. 276-277.

Plaintiff's general arguments and the posture of this case indicate that reversal is appropriate. Chesire's opinion regarding the effect of noncompliance with prescribed treatment is incorrect. Such opinion was provided to the ALJ by an accepted source. 20 C.F.R. §404.1513(d)(1). The incorrectness of the opinion was not made clear until plaintiff's new appellate attorney made clarifying arguments to this court based on the additional opinions Dr. Bucholz submitted to the Appeal Council after the ALJ's hearing. The issue now is if the reversal should be accompanied by a remand for benefits or a remand for further proceedings.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be

9 - FINDINGS AND RECOMMENDATION

resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d at 1178 citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is actually a subpart of the second. *See Harman*, 211 F.3d at 1178 n. 7.

Remanding this case for further proceedings is a prudent exercise of discretion for the following reasons. The erroneous opinion was from an accepted source and its use by the ALJ does not seem unreasonable in light of the materials, argument and circumstances presented to him. The erroneous opinion came into play several times throughout the ALJ's opinion in the discounting of Bucholz's opinion, plaintiff's credibility, and lay witness testimony. The erroneous opinion was only one of several reasons the ALJ gave for discounting such evidence. Step five of the sequential process was not completed. There are outstanding issues that should be resolved before a determination of disability can be made and the three prongs of Harman have not been met. Accordingly, the District Court should exercise its discretion in favor of further proceedings.

## CONCLUSION

Based on the foregoing, the Commissioner's decision should be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Upon remand, the ALJ should consider and reevaluate all of the evidence in the record without consideration of Chesire's opinion that failure to use the CPAP device as directed worsened plaintiff's narcolepsy. The ALJ should then perform a new five-step sequential process to determine if plaintiff is disabled and issue a new opinion.

DATED this 4th day of December, 2008.

_____
Thomas Coffin
United States Magistrate Judge